CATHERINE O'NEIL *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Suffolk.   January 10, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* On street railway.   *Evidence,* Admissions.

In an action by a woman passenger against a street railway company, it appeared, that the plaintiff was thrown down and injured by an open car of the defendant starting while she had one foot on the running board and the other on the ground in the act of alighting, that the car had been stopped for the plaintiff to get off, and while she was doing so two bells were rung and the car started, that immediately afterwards one bell was rung and the car stopped before it had moved more than a foot.   The conductor testified that he was on the opposite side of the car from the plaintiff when some one on the rear platform rang two bells and he immediately cried "Wait a moment, lady" and rang one bell.   No witness was produced on either side who saw the two bells rung.   The plaintiff testified, that she asked the conductor how he came to start the car and he made no reply.   It further appeared, that in his report of the accident the conductor did not fill in the blank opposite the question "Whose fault?"   *Held,* that a verdict should have been ordered for the defendant; that the jury would not be justified in finding that the two bells were rung by the conductor or by his direction or authority, and the conductor's failure to state in his report who was at fault was as likely to have come from his not knowing who rang the two bells as from a consciousness that he was to blame.

TORT for injuries from being thrown violently to the ground by the starting of a car of the defendant from which the plaintiff was alighting. Writ dated May 6, 1899.

At the trial in the Superior Court, before *Richardson*, J., it was admitted by the defendant that the plaintiff was in the exercise of due care. At the close of the evidence the defendant asked for rulings, that there was no evidence to warrant the jury in finding that the bell to start the car was rung by the conductor or at his suggestion, and that there was no evidence to warrant the jury in finding that the defendant's servants and agents caused the car to start as the plaintiff was alighting.

The judge refused to give these rulings. The defendant contended, that the negligence alleged in the plaintiff's declaration being that the defendant's servants and agents started the car while the plaintiff was alighting, and no other act of negligence being alleged, the plaintiff was bound to prove that negligent act in order to recover. The judge submitted to the jury the following question : " Was the bell rung by the conductor or by any one by his direction or authority while Mrs. O'Neil was alighting from the car?" The jury answered this question in the affirmative, and found for the plaintiff in the sum of $1,650, of which under an order of the judge the plaintiff afterwards remitted all over $900. The defendant alleged exceptions.

*H. F. Hurlburt & D. E. Hall*, for the defendant.

*M. J. Creed & J. P. Crosby*, for the plaintiff.

LORING, J. In this case the plaintiff was injured by the starting of an electric car while she was in the act of alighting from it. The car in question was an open one and had stopped for her to get off; she had been sitting on the fifth or sixth seat from the front and had one foot on the running board and one foot on the ground when two bells were rung, and the car started ; immediately on the two bells being rung, one bell was rung and the car was immediately brought to a stop; the car did not move more than a foot. The only act of negligence stated by the plaintiff in her declaration is " that while she was alighting from said car the defendant by its servants and agents negligently and carelessly caused said car to start up and plaintiff was thereby thrown violently to the ground." The issue raised by the pleadings was called to the attention of the presid-

ing judge by the defendant corporation and the point was taken, that under the declaration the plaintiff could recover for that act and for no other.

We are of opinion that there was no evidence on which the jury were warranted in finding that the car was started by the defendant's servants or agents, or by their direction and authority.

Although the plaintiff on her direct examination testified, that the conductor rang the two bells, on which the car started up, yet, on cross-examination, she admitted that she could not say that she saw the conductor do anything to start the car, that all she knew about it was, that the car started; and neither of the two witnesses, who were called by the plaintiff, saw who rang the bell. From the testimony of one of these witnesses, the jury could have found, that, when the plaintiff fell, the conductor got off the back part of the car, on the same side, on which the plaintiff was, when she fell, and ran around to the plaintiff.. The other witness added nothing on this point. In addition the plaintiff testified, that she asked the conductor, how he came to start the car and that he made no reply; and further it appeared that, in his report of the accident to the defendant corporation, he did not fill in the blank opposite the question "Whose fault?"

The defendant introduced evidence that the conductor went forward on the running board on the left-hand side of the car, after giving the signal to have the car stop at Parker Street, where the plaintiff wished to get off; that he went forward to collect the fares which had not been collected; that "there were quite a few fares to collect"; that he was on the opposite side of the car from the side the plaintiff attempted to alight from. That, as the plaintiff was in the act of getting off, some one on the rear platform rang two bells and he immediately cried out, "Wait a moment, lady," and rang one bell. No witness was produced who knew who rang the two bells.

On this evidence the jury were not justified in finding that the two bells were rung by the conductor or by his direction or authority. The conductor's failure to state in the report of the accident made by him to the company, who was in fault, was at least as likely to have come from the fact that he did not

know who rang the. two bells as from a consciousness that he was to blame.

Under the pleadings the plaintiff could not go to the jury on any other act of negligence.        .        ·

*Exceptions sustained.*