### GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
### T. N. PHILLIPS ET AL.

#### Decided April 15, 1903.

**1.—Contributory Negligence—Passenger Leaning Out of Car Window.**

In this State it is not held negligence per se for a passenger to protrude a part of his person outside the window of a passenger car, but it is for the jury to determine whether he is guilty of negligence in thus exposing himself.

**2.—Railroads—Injury to Passenger—Charges on Remote and Proximate Cause.**

In an action of damages for negligent injury to a passenger causing death, where the evidence showed that the passenger was killed by reason of striking against an open gate on a stock chute near defendant's track while leaning out of a car window, the court properly declined to submit to the jury the question whether in building and maintaining the stock chutes and gates in close proximity to the track defendant should have anticipated that the gate might inflict the injury it did, with definitions of remote and proximate cause.

**3.—Same—Act of Stranger in Opening Gate—Charge.**

There being some evidence tending to show that the gate was opened by a stranger after it had been closed by defendant's employes, it was error for the court to refuse to charge that defendant was not liable if the gate was so opened by a person not an employe or agent of the defendant.

Appeal from the District Court of Coleman.    Tried below before Hon. John W. Goodwin.

*J. W. Terry* and *Ballinger Mills,* for appellant.

*Woodward & Baker,* for appellees.

STREETMAN, Associate Justice.—Wylie Phillips died as the result of injuries received while a passenger on appellant's train at Coleman, Texas.    His father, T. N. Phillips, in this cause recovered judgment on account of his death.

The evidence shows that while the train was moving, Wylie Phillips extended his head and one arm and shoulder partly out of the window of the passenger coach in which he was riding, and came in contact with a gate of one of appellant's stock pens, breaking his arm and inflicting fatal injuries upon his head. The ground of negligence alleged was that the defendant permitted the gate to swing loose and remain open.

The first, second and third assignments of error embrace the proposition that said Wylie Phillips was guilty of contributory negligence in extending his head and arm outside of the car, and that appellant owed him no duty in that position. We are aware that there is no lack of authorities to sustain these propositions. Many decisions assert that it is negligence, as a matter of law, for a passenger to protrude any portion of his person beyond the outside of a passenger coach. The rule, however, has not been so established by the courts of our State. In order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it. Railway Co. v. Gasscamp, 69 Texas, 547. Unless the act falls within one of these classes, it remains a question of fact for the jury to determine. It was left to the jury under proper instructions in this case, and we do not believe this was error. Railway Co. v. Danshank, 6 Texas Civ. App., 385.

Appellant requested the following special charges: "You are instructed in this case that before any act of negligence, if any, on the part of the defendant company or its employes, even in the absence of contributory negligence on the part of a person injured, which results in injury can be a ground for recovery, it must appear from the evidence that the consequences of the act resulting in injury ought reasonably to have been foreseen. In other words, it is not negligence for the defendant or its employes to do or fail to do an act when it was not anticipated that it would result in injury to any one. It is the duty of defendant company and its employes to guard against such probable dangers as a person of a high degree of care would, under similar circumstances, but the law does not require a railway company or its employes to so act as to make accidental injuries impossible.

"You are instructed in this case that if you should find Wylie Phillips was not guilty of contributory negligence, and further find that defendant was guilty of negligence, you would not be authorized to find a verdict against defendant for any sum of money unless you further find that said act of negligence was the proximate cause of the injury to deceased, and it is absolutely necessary that the injury, if any, was the natural and probable consequence of the said act of negligence, if any, and further, that it ought to have been foreseen in the light of the attending circumstances.

"You are therefore instructed that, although you may believe from

the evidence that the defendant company or employes, as alleged, was guilty of negligence in constructing and maintaining and using its stock pens in close proximity to its main track, and that defendant and its employes at the time of or prior to the accident was guilty of negligence in permitting the gates of the stock pens chutes to swing loose and remain open, and that same was the cause of Wylie Phillips being injured and killed, this would not alone authorize you to find a verdict against defendant, but to authorize a verdict it must further appear that the defendant in so building and using said pens, and the employes of defendant in charge of the pens, gates and chutes, ought to have foreseen, in the light of the attending circumstances, that the gate would or might inflict the injury that it did inflict, if any, and that the injury inflicted, the killing or injuries of Wylie Phillips, was the natural and probable consequence thereof, and unless the plaintiff has so shown you will find a verdict for defendant."

The propositions of law contained in these charges are abstractly correct. We do not believe, however, that they should have been given in this case. In most of the cases in which the question of proximate and remote cause is considered aside from the question of contributory negligence, it is passed on as a question of law. Neely v. Railway Co., 96 Texas, 274, 6 Texas Ct. Rep., 676; Railway Co. v. Bigham, 90 Texas, 223; Brandon v. Manufacturing Co., 51 Texas, 121. In the last case cited Judge Bonner says: "Although the question of contributory negligence proper is one of fact for the consideration of the jury, under appropriate instructions, yet the question of remoteness of damage is one of law to be decided by the court." In the case of Railway Co. v. Storey, 29 Texas Civ. App., 483, it is held that a charge similar to those requested should have been given. We do not pass upon the question further than as called for by the facts in evidence, but we are of opinion that the evidence in this record did not require the court to give the special charges defining remote and proximate cause.

Appellant also requested the following special instruction: "You are instructed in this case that if you believe from the evidence that the employes of the defendant pushed the gate back which struck Wylie Phillips, if any, and fastened same back with appliances which were reasonably sufficient to hold said gate, and further believe that the said gate was caused to swing loose by the act of any person not an employe or agent of defendant, then you are instructed in this case that any injury to deceased, if any, resulting therefrom, would not justify you in returning a verdict for plaintiff."

This charge undoubtedly presented a correct statement of law, and should have been given, if there was evidence to warrant it. Appellee insists that the evidence did not raise this issue, but we are convinced that there was sufficient testimony to require its submission to the jury.

Henry McDonald testified: "The gates belonging to the stock pens and chutes were put back in their usual position and fastened before the passenger train went by. I fixed one of the gates myself. It was the

west gate [the gate which struck Phillips], and a negro, who I suppose was working for Mr. Johnson, put the other one back. The gate I put back did not remain in its position. I pulled the gate back in its position, and the iron bar that hangs down from the top of the gate I dropped over the edge of the platform, and there was a wooden catch there to hold the gate besides, and I just kicked it that way and I thought it fastened but I wouldn't say that it did. I dropped the iron bar down over the edge of the platform myself and kicked the wooden catch up with my foot."

The same witness further testified: "Just before the passenger train came back from around the 'Y' I seen quite a crowd of little fellows around near the west gate. Just as the train came down I seen a little fellow behind the west gate, and I told him to catch the gate, but he caught his little brother, and then the gate struck the train."

This testimony, when taken in connection with the rest of the evidence, may not have been conclusive, but we think it was certainly sufficient to raise the issue of interference by some outside party, after the gate had been properly fastened, and that the court should have given the instruction requested.

With reference to the evidence concerning the previous condition of this gate, as presented by the tenth and eleventh assignments of error, we hold that this character of evidence was admissible, and that the admission of the testimony as to the letter, as now presented in the record, would not constitute reversible error, but we suggest that it would be safer upon another trial if it is desired to offer evidence with reference to the contents of the letter, to first give notice to defendant to produce the original.

We have considered all of the assignments, and find no error, except as above indicated. Because of the error in refusing the special charge above set out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*