[No. 5057.]
[No. 2623 C. A.]

SNYDER v. THE COLORADO SPRINGS AND CRIPPLE CREEK
DISTRICT RAILWAY COMPANY.

1.   **Railroads—Passengers—Damages—Personal Injuries—Negligence—Approximate Cause.**

Plaintiff on a crowded car stood with his hand resting on the door jam. There were people between him and the door and others upon the steps. The head of the man upon the lower step reached to the thigh of the plaintiff. The conductor, in pushing his way through the crowd, pressed the plaintiff against a third person sitting in the seat, who gave plaintiff a push, throwing him over the head of the man who stood upon the lower step. Held, that the approximate cause of the injury was, as a matter of law, the action of a third person, for which the railroad company was not liable.—P. 289.

2.   **Same—Damages—Personal Injuries — Evidence — Directing Verdict.**

In an action for personal injuries, where from all the evidence the court is able to see that the negligence complained of was not the approximate but the remote cause of the injuries, the court must direct a verdict for the defendant, for if such evidence had been submitted to the jury and the verdict had been rendered in favor of the plaintiff, it would have been the duty of the court to set it aside.—P. 292.

*Error to the District Court of Teller County.*
*Hon. William P. Seeds, Judge.*

Action by William W. Snyder against the Colorado Springs and Cripple Creek District Railway Company. From a judgment in favor of defendant, plaintiff brings error.     *Affirmed.*

Mr. J. J. McFEELY, for plaintiff in error.

Mr. E. E. Whitted, Mr. P. H. Holme, and Messrs. Lunt, Brooks & Wilcox, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

This is an action by plaintiff against defendant to recover for injuries received by plaintiff while traveling on defendant's cars as a regular passenger, going from the city of Cripple Creek to a station known as Midway.

At the close of plaintiff's testimony, the court, upon motion of defendant, instructed the jury to return a verdict in favor of the defendant, which was done.

The case comes here upon error, and the error assigned is this instruction and verdict.

There is no dispute as to the facts, which appear to be that, on the night of December 20, 1900, plaintiff was a passenger on defendant's car, going from Cripple Creek to Midway. He had paid his fare, the car was crowded, and, after leaving Fairview, plaintiff was standing near the door, with his hand resting on the door jamb. There were people between plaintiff and the door, some upon the steps. The head of the man upon the lower step reached to about the thigh of the plaintiff. The conductor, in pushing his way through the crowd, pressed plaintiff against a party who was sitting in a seat on the side of the car. This man became angry, said that he was "Getting tired of playing cushion for the electric line," and raised up against the plaintiff and gave a "surge," by the force of which plaintiff was thrown from the car, passing over the head of the man who stood upon the lower step.

In plaintiff's brief it is said, in effect, that the court below, in passing on the motion for nonsuit,

dwelt at considerable length upon the question as to what was the proximate cause of this accident. The court came to the conclusion that the proximate cause was the action of the passenger, and, therefore, the company was not liable.

So the question for us to determine is as to what was the proximate cause of the accident.

Proximate cause is: "That cause which, in natural and continued sequence, unbroken by any efficient intervening cause, produced the result complained of, and without which that result would not have occurred."—*D. & R. G. R. R. Co. v. Sipes*, 26 Colo. 17.

It was defined by the court of appeals as being "that cause which immediately precedes and directly produces an effect as distinguished from a remote, mediate or predisposing cause."—*Burlington, etc., R. R. Co. v. Budin*, 6 Colo. App. 275.

"An act is the proximate cause of an event when, in the natural order of things, and under the particular circumstances surrounding it, such an act would necessarily produce that event."—*Ibid.*

"The law will not look back from the injurious consequence beyond the last sufficient cause, and especially that, where an intelligent and responsible human being has intervened between the original cause and the resulting damage."—*Stone v. Boston & A. R. Co.*, 51 N. E. 1.

"The nature of the intervening cause which will render an original cause for which the author is sought to be held liable in damages too remote for recovery, must be simply such as interrupts the usual and ordinary and experienced sequence of events, and produces consequences at variance therewith." —Watson on Damages for Personal Injuries, § 7.

"If the original wrong only becomes injurious in consequence of the intervention of some distinct

wrongful act or omission by another, the injury shall
be imputed to the last wrong as the proximate cause,
and not to that which was more remote.''—Cooley on
Torts, 70.

''The injury must be the direct result of the mis-
conduct charged; but it will not be considered too
remote if, according to the usual experience of man-
kind, the result ought to have been apprehended.
The act of a third person, intervening or contribut-
ing a condition necessary to the injurious effect of
the original negligence, will not excuse the first
wrong-doer, if such act ought to have been foreseen.''
—*Lane v. Atlantic Works*, 111 Mass. 136.

''One is bound to anticipate and provide against
what usually happens and what is likely to happen;
but it would impose too heavy a responsibility to
hold him bound in like manner to guard against what
is unusual and unlikely to happen, or what, as it is
sometimes said, is only remotely and slightly prob-
able.''—*Stone v. Boston & A. R. Co.*, supra; *Burling-
ton, etc., R. R. Co. v. Budin*, supra.

Tried by these tests, the defendant is not re-
sponsible for the consequences of the passenger's act.
There is nothing to show that such a consequence as
happened was liable to occur. It was, of course, pos-
sible, that some extremely nervous or irritable per-
son would become angry because of his being incon-
venienced on account of the crowded condition of the
car, but it is not in accordance with the usual and
ordinary course of events to anticipate that a seated
passenger would so far lose control of himself on
account of having a standing passenger crowded
against him that he would eject the standing pas-
senger from the car with such force as to throw him
over the head of one who was standing upon the step
below the party so ejected.

It is apparent from the record in this case, that the proximate cause of the injury to plaintiff was the action of the irritated passenger, and that this cause could not be anticipated by defendant or its agents. The plaintiff, however, contends that this question should have been submitted to the jury. This course would have been necessary if material facts had been in dispute, but where, upon all the evidence, the court is able to see that the resulting injury was not proximate but remote, the plaintiff fails to make out his case, and the court should so rule.—*Stone v. Boston & A. R. Co., supra.*

If the matter had been submitted to the jury and the verdict had been rendered in favor of plaintiff, it would have been the duty of the court to set it aside. Consequently, it was his duty to direct the verdict.—*Chivington v. Colo. Springs Co.,* 9 Colo. 597.

The court having committed no error in sustaining the motion and directing the verdict, the judgment of the district court will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.