For the reason, then, that the question of safe place was not presented by the proof, I advise that the judgment and order be reversed, and that a new trial be granted; costs to abide the event. All concur.

---

## McVAY v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—PROXIMATE CAUSE.

    A passenger, owing to the crowded condition of the car and platform, was obliged to stand on the first step of the car, and to maintain his position he held to the stanchions on the side of the steps. A fellow passenger on the platform, while attempting to pass to the bumper on the rear of the car, came in contact with the passenger, causing him to loosen his hold on the stanchions, and throwing him to the ground. *Held*, that the proximate cause of the injury was, not the negligence of the company in permitting the car to become overcrowded, but the act of the fellow passenger, for which the company was not liable.

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Joseph A. McVay against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

H. F. Ives, for appellant.
Frank F. Adel, for respondent.

RICH, J. There are two grounds upon which the defendant asks a reversal of this judgment, both presented by exceptions taken to the rulings of the trial court denying motions to dismiss the complaint, made when the plaintiff rested and at the close of the evidence. The action was brought to recover damages for personal injuries received by the plaintiff while a passenger upon one of defendant's cars, by reason of the alleged negligence of its servants in permitting the car to become so overcrowded that the plaintiff was thrown from the step of the platform on which he was riding while the car was in motion. The plaintiff, in company with three others, boarded the car, which came to a stop in response to his signal. It was heavily loaded, all the seats being occupied. People were standing in the aisles, and a large number on the rear platform. In addition there were two persons riding on the bumper in the rear, on the outside of the car. The plaintiff was the last of his party to board the car, and, owing to the crowded condition of the platform, was unable to get beyond its first step, on which he rode until the happening of the accident. To maintain his position on the car he took hold of the stanchions on each side of the steps, grasping one with each hand. One of the three who boarded the car with him paid the fares of plaintiff and the others to the conductor before the accident. After riding several blocks, and while the car was running at a rapid rate of speed, a passenger on the rear platform attempted to pass from the position he was occupying to the bumper on the rear of the car, and in so doing came in contact with plaintiff's per-

son, causing him to loosen his hold upon the stanchion and throwing him from the car. The plaintiff testified:

"I had hold of the stanchion and bar in that position, and as this gentleman went to get around, around here, he pushed against my chest and threw me off. * * * Q. Did he tell you he wanted to get around on the bumper? A. Yes. * * * Q. Your right hand was attached to the stanchion of the body of the car? A. And that is the way he wanted to get around, around in back of me. Q. Then he loosened that hand of yours, or did you loosen it yourself? A. He loosened it. Q. Pushed his body against yours and pushed you from the stanchion? A. Yes. * * * Q. You didn't want to be pushed off? A. No. Q. And you told him so? A. Yes. Q. And still he persisted in pushing your hand away from the stanchion and crawling around behind you? A. Yes."

When the plaintiff rested, and at the close of the evidence, the defendant moved to dismiss the complaint upon the ground that the plaintiff had failed to establish a cause of action by failing to show any negligence on the part of the defendant to which the injury could be attributed, which motions were denied and exceptions taken. It is now argued that these rulings were erroneous, because the act of the defendant in allowing its car to be overcrowded was not the producing or proximate cause of plaintiff's injury, which was due to the negligence or a third person for whose acts the defendant was not liable. The only evidence upon which negligence of the defendant could be predicated was that showing the crowded condition of the car; and that was not sufficient to justify a recovery unless such condition was the direct and proximate cause of the accident. All of the testimony, including plaintiff's version of the transaction, established that the accident was due entirely to the effort of a passenger to pass from the platform to the bumper, and in so doing first loosening plaintiff's grip on the stanchion to which he was holding, and, second, in pushing his body against that of plaintiff, which caused the latter to fall from the car. If it had not been for the act of this passenger, the defendant's negligence in permitting the crowded condition of its car would have produced no damage or injury to the plaintiff, from which it follows that the alleged negligence of the defendant was not the proximate cause of the accident. The case is clearly within the rules stated by text-book writers, and quoted approvingly by the Court of Appeals in Laidlaw v. Sage, 158 N. Y. 73, 99, 52 N. E. 679, 44 L. R. A. 216, as follows:

"The breach of duty upon which an action is brought must be, not only the cause, but the proximate cause, of the damage to the plaintiff. * * * The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred. If, after the cause in question has been in operation, some independent force comes in and produces an injury not its natural or probable effect, the author of the cause is not responsible. Supposing that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that casual connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor and insulates my negligence, so that I cannot

be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured."

The case presented is not one in which the crowded condition of the car is coupled with the act of an employé engaged in operating the car brake, resulting in pushing a passenger from the platform, or its unity with pushing and crowding by other passengers in an attempt to get off the car. As to such acts, necessarily incident to the operation and management of the car, the company owning and operating it must be presumed to have known and anticipated the probability of injury to a passenger permitted to ride on its crowded platform or steps, and consequently to be charged with the duty of unusual and extraordinary care in his transportation. Such presumption or duty does not obtain in the case at bar. While the jury would have been justified in finding that the car and its platform were overcrowded, there is no proof from which it could have been found that the plaintiff fell and received his injuries because of such overcrowding. The negligent act which was the proximate cause of the accident was not that of the defendant in permitting the crowded condition of the car on which plaintiff was a passenger, or that of its employés in the operation or management of the car, or of a passenger getting on or off the car, but was that of a passenger endeavoring, of his own volition, without reason or necessity therefor, to change his position from the platform to the bumper on the rear and outside the car, where he had no right or business to be, in utter disregard of the rights of other passengers.

Sheridan v. Brooklyn & Newton R. R. Co., 36 N. Y. 39, 93 Am. Dec. 490, does not sustain respondent's contention, or control the disposition of the case at bar. In that case the injured passenger was a child, who had secured a seat in the car, from which he was twice removed by the conductor and the seats given to other passengers. The child was pushed and crowded from the interior of the car to the platform, from which he was pushed to the ground by a passenger endeavoring to alight from the car. The case was decided upon the principle that, but for the wrongful act of the defendant in removing the child from his seat and compelling him to ride on the platform, he would have been unaffected by the illegal act of the passenger, who, in pushing through the crowd to get off, aided in throwing the deceased from the car; that under such circumstances it was no justification that another party—a stranger—was also in the wrong.

The defendant here was not responsible for the negligent act of plaintiff's fellow passenger which resulted in the injury sustained by him. The crowded condition of the car was not the proximate cause of such injury, and did not concur in or contribute to the accident. The refusal to grant defendant's motion to dismiss the complaint was error, for which the judgment must be reversed.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide the event. All concur.