# Wytheville.

## FANSHAW v. THE NORFOLK & PORTSMOUTH TRACTION CO.

### June 11, 1908.

### Absent, Whittle, J.

1. APPEAL AND ERROR—*Two Trials in Lower Court—No Evidence on Second Trial.*—Where there have been two trials of an action at law, and the first verdict has been set aside as contrary to the evidence and no evidence introduced on the second trial, the sole question for consideration by the appellate court is whether or not it was error to set aside the verdict at the first trial.

2. STREET RAILWAYS—*Negligence—Starting Signal Given by Stranger.*— The failure of a street car conductor to have the bell cord of his car at all times under his control so as to render it impossible for a third person to ring the bell and start or stop the car is not negligence; nor would the conductor be justified in ejecting a passenger who had without authority once rung the bell to start. It would be sufficient in the latter case to warn him not to repeat the offence.

3. STREET RAILWAYS—*Negligence—Starting Signal Given by Stranger.*— If someone on a street car, not an employee of the street car company, without the knowledge or authority of the conductor, rings the bell and gives the motorman the signal to start, and, in pursuance of such signal, the motorman starts the car and a passenger who is attempting to get off is thrown to the ground and injured, the company is not liable therefor.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Jeffries, Walcott & Walcott,* for the plaintiff in error.

*W. H. Venable, H. W. Anderson* and *J. R. Tucker,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This action was brought to recover damages for personal injuries to the plaintiff alleged to have been sustained by reason of the negligence of the defendant company.

At the first trial there was a verdict of $4,000 in favor of the plaintiff, which was set aside, and at the second trial no evidence was introduced, and judgment was given for the defendant company; therefore, the sole question for our consideration is whether or not it was error to set aside the verdict of the jury at the first trial? *Humphreys* v. *Valley R. Co.,* 100 Va. 749, 42 S. E. 882; *Morien* v. *Norfolk & A. T. Co.,* 102 Va. 622, 46 S. E. 907.

The plaintiff, a widow lady, rather advanced in years and a resident of Norfolk city, had been to Ocean View and was returning as a passenger on the defendant company's car. The car was crowded and when it reached the intersection of Queen and Church streets in Norfolk city, it stopped to put off passengers, and as the plaintiff was getting off and was on the step of the car in the act of stepping to the street, the car was suddenly started, causing her to fall to the ground and to receive the injuries of which she complains. Her account of the accident is as follows: "I went to Ocean View, and was coming up on the car, and it stopped at Queen and Church streets, and I wanted to get off the car. The conductor was standing on the platform, outside the car, and reached up with his left hand and caught hold of the bell cord, and I caught hold of his sleeve, and as I was coming out I caught hold of his arm, and I said: 'Please don't start the car till I get off;' and he rested his hand on the bell until I passed right in front of him and stepped on the step, and when I did, the car gave

a sudden jerk and threw me in the street. The conductor was on the platform, and caught hold of the bell cord, and I asked him not to start the car. There were lots of men on the hind part of the car, and all down the aisle, as I passed through, and he was outside the car, and had hold of the bell cord himself."

That the motorman started the car upon receiving the usual signal to do so, is not controverted, and therefore the issue of fact, in its last analysis, is reduced to the question: "Who rang the bell?" The plaintiff does not say that the conductor did it, but simply that he had his hand on the bell cord when she last saw him. The conductor, after stating that he had some recollection of the plaintiff saying to him as she passed, not to start the car before she got off, says, that he did not start the car, but was at the time engaged in issuing a transfer to a passenger inside the car, and a boy sitting on the controller box (or the rear platform of the car) rang the bell for the motorman to go ahead. His statement that the boy, and not himself, rang the bell, is corroborated by three witnesses who state that they saw the boy do it; and another witness, a Mrs. Perkins, who did not see who rang the bell, says positively that the conductor did not. This evidence, without that of two other witnesses on the street or sidewalk near by, affords such clear and positive proof that the boy seated on the controller at the rear end of the car, and not the conductor, rang the car forward, causing plaintiff to fall upon the street, that further discussion of the evidence to show that the verdict of the jury was not warranted in that fact being proved, would seem wholly unnecessary.

True, as counsel for plaintiff argue, there are apparent inconsistencies in the statements of these witnesses, but they are not in such conflict with any evidence adduced by plaintiff as to require that they be left out of view—only differences in the recital of details which do not argue lack of veracity, but merely illustrate the well known fact, that no two persons will observe the same incident in exactly the same manner. The fact re-

mains, that no one in the crowded car saw the conductor ring the bell, as not a single person out of that large crowd was produced to testify to that fact, while four persons on the car at the time, unimpeached witnesses, having no connection with the defendant company, come forward and corroborate the account of the conductor of the car as to how the accident to the plaintiff was brought about.

But it is argued by counsel for the plaintiff, and it is upon this ground alone that the verdict of the jury was warranted, if at all, that even if it were the boy and not the conductor who rang the bell, the defendant company was, nevertheless, liable, for it was the duty of the conductor to have placed the boy where it was impossible for him to have caused the accident to plaintiff.

Only two courses open to the conductor are suggested—the one, to remain constantly by the boy and watch him, and the other, to eject him from the car. The first would have required a total neglect of the manifold duties of the conductor, and the other was not justified by the surrounding circumstances, and therefore would have been unwarranted.

"The right of the carrier to expel the passenger, or to restrict his privileges in the conveyance when his conduct is such as to seriously interfere with the comfort of other passengers, or to endanger their safety   *   *   *   is undoubted. In expelling the passenger, however, the servants of the carrier act at their peril; and if such passenger is wrongfully expelled from the carrier's vehicle, the fact that the servants acted under a misapprehension in supposing that he had been guilty of some misconduct will afford the carrier no excuse." Hutchinson on Car. (3rd ed.), sec. 977.

The undisputed facts are, that this boy, about fourteen years of age, was a passenger on the car from Ocean View, and when at Fairmount Park, outside of the city of Norfolk and a mile or more from the point of the accident to the plaintiff, he rang the bell; that the conductor went to him at once and warned

him not to repeat such interference, which warning was observed until the point of the accident was reached, although in traversing the intervening distance a number of stops were made to allow passengers to alight, and this mischievous boy made no attempt to disregard the admonition previously given or did anything to justify the conductor in standing guard over him, and certainly nothing to justify his being put off the car. To properly perform his duties in the collection of fares and issuance of transfers, it was impossible for the conductor of this crowded car to have been upon the platform when all passengers were entering or alighting from the car. It is undoubtedly the duty of a conductor of such a car to ascertain whether all passengers are on or off before giving the signal to start the car, but if this duty may be performed equally as well from inside the car as at any other point on the car, reason does not sustain a contention that he must, at such time, be upon the platform.

In this case, the verdict of the jury at the first trial could be sustained only on the theory that if some one, not an employee of the defendant company, without the knowledge or authority of the conductor, rang the bell and gave the motorman the signal to start, and, in pursuance of such signal, the motorman started the car and a passenger thereon fell off and was injured, the company would be liable for the injury.

In *Krone* v. *Southwest M. Elec. Ry. Co.*, 97 Mo. App. 609, 71 S. W. 712, a street car conductor stopped his car for two ladies to get off, and after one got off, but before the other had done so, some one not in the employ of the railway company, nor with the authority of the conductor, gave the motorman the signal to start, and he did so, throwing the second lady to the ground; and the trial court was asked to give an instruction to the effect that the railway company was not liable upon the above-mentioned facts, which instruction was refused. On appeal, the supreme court of Missouri, in passing upon the instruction, said: "We cannot see upon what theory the court

refused said instruction, for, if it was true that some person other than the conductor, and not in the defendant's employ, gave the signal which started the car while plaintiff was attempting to get off, causing her fall and injury, it was not the result of any negligence on the part of defendant, but that of a careless and mischievous stranger, over whom the defendant had no control. Railroads are not to be held liable for injuries caused solely by the acts of persons who do not hold to them any relation of express or implied agency. Patterson Ry. Acc. Law, p. 38."

Again, upon a state of facts almost identical with the facts of this case, the opinion of the court in *McDonough* v. *Third Ave. Ry. Co.*, 88 N. Y. Supp. 609, says: "In approaching the discussion, we assume the appellant would concede that the action of the motorman in starting the car in response to the proper signal, was not a negligent act, and that there was no affirmative act of negligence on the part of the conductor, which was the cause of the accident. The negligence of the defendant, if any, must consist, therefore, in the failure of the conductor to, at all times, have under his control, the bell cord, so that it was made impossible for a passenger to ring the bell and start or stop the car. In other words, the logic of appellant's contention must carry him to the affirmance of the proposition that the defendant was an insurer against any accident which might result to a passenger in alighting from a car, caused by the unauthorized action of another passenger, whether by accident or design, in pulling the bell." The decision in that case was, that the contention of the plaintiff found no sanction in reason or in law.

In *Moore* v. *Woonsocket St. Ry. Co.*, 27 R. I. 450, 63 Atl. 313, 114 Am. St. Rep. 59, there was a verdict for the plaintiff, which was set aside by the supreme court for failure on the part of the trial court to charge the jury in accordance with the principles of law sustained by the decisions above cited.

In *Gulf &c. Ry. Co.* v. *Phillips,* 32 Tex. Civ. App. 238, 74

S. W. 793, the supreme court of Texas held that it was reversible error to refuse a charge, that, if the gate which caused the accident was opened by a stranger after having been closed by an employee of the defendant, the plaintiff could not recover.

The argument of the learned counsel for the plaintiff, that although the jury in this case were instructed in accordance with the law laid down in *Krone* v. *Elec. Ry. Co., supra,* and by the courts of other States, they, with the court's instructions before them, were still authorized by the evidence to find for the plaintiff and it was error in the court to set aside their verdict, is without merit.

"Every party to an action at law has the right to insist upon a verdict or finding based upon the law and the evidence in the case, and not, in the absence of evidence, upon mere inference and conjecture when liability depends upon carelessness or fault." *C. & O. Ry. Co.* v. *Whitlow,* 104 Va. 90, 51 S. E. 182.

We are of opinion that the evidence in this case is plainly insufficient to justify the verdict of the jury in favor of the plaintiff, and that the trial court did not err in setting it aside. Therefore its judgment is affirmed.

*Affirmed.*