[L. A. No. 2417. Department Two.—April 13, 1910.]

SARAH P. CARY and CYRUS CARY, Appellants, v. THE LOS ANGELES RAILWAY COMPANY (a Corporation), Respondent.

NEGLIGENCE—INJURY TO STREET-CAR PASSENGER IN ALIGHTING—SUDDEN START—PROXIMATE CAUSE—UNAUTHORIZED SIGNAL BY PASSENGER. —In an action for injury to a passenger upon a street-car caused by the sudden starting of the car while alighting therefrom, brought against the street-railway company for alleged negligence, where the evidence abundantly shows that the sole proximate cause of the injury was an unauthorized signal of two bells rung by a passenger at the rear of the car, which was the proper signal to the motorman to start the car, and that the conductor who was collecting fares in front of the car immediately upon discovering the signal countermanded it, so that the car moved but a few feet, the railway company was not negligent nor responsible for the unauthorized act of a stranger; and a verdict in its favor cannot be disturbed upon appeal.

ID.—RAILWAY COMPANY NOT BOUND TO PRECAUTION.—The railway company was not bound to take any precaution against the unexpected act of an unauthorized stranger, by whose unwarranted intervention the accident occurred.

ID.—CROWDED CONDITION OF CAR AT TIME OF ACCIDENT NOT AUTHORIZING RECOVERY.—Evidence of the crowded condition of the car, and that people were standing in the aisle at the time of the accident, was admissible as one of the conditions then existing; but the court properly ruled and instructed the jury that it could not be considered except as part of such conditions, and would not entitle the injured person to recover, where no negligence in that respect was alleged and no causal connection between the crowded condition of the car and the accident was in any way shown.

ID.—PLEADING OF NEGLIGENCE.—While it is permissible to charge negligence in general terms, it is nevertheless necessary to specify the particular act or acts alleged to have been negligently done. If appellants had desired to predicate negligence upon the crowded condition of the car, they should have done so by appropriate allegation.

ID.—AVAILABILITY OF PARTICULAR NEGLIGENCE—DIRECT CAUSAL CONNECTION WITH INJURY ESSENTIAL.—In every case the particular negligence relied upon, whether it be negligence in fact or presumed negligence from a violation of statute, in order to be available to the plaintiff must have some direct and causal connection with the injury complained of, so as to be the proximate cause thereof.

ID.—IMMATERIAL NEGLIGENCE—ABSENCE OF CAUSAL CONNECTION—FAILURE OF ACTION.—No negligence alleged or proved, whether actual or statutory, is material if there is no causal connection between the negligence or the unlawful act pleaded and proved and the injury; and in the absence of such connection the action fails.

ID.—PERFORMANCE OF DUTY BY CONDUCTOR.—The conductor in control of the car was in the performance of his duty in collecting fares and giving transfers while the car was stopping and he was waiting for passengers to alight from the crowded car; and it is in evidence that he would further have discharged his duty by seeing that all passengers wishing to alight had alighted before starting the car had it not been for the unauthorized starting signal, which he countermanded as soon as possible.

ID.—SUBMISSION OF SPECIAL QUESTIONS BY COURT TO JURY—PROVINCE OF JURY NOT INVADED.—The submission of special questions to the jury, which the court itself directed and which were upon matters not in dispute and established without contradiction, to which the jury answered, constituted no invasion by the court of the province of the jury.

ID.—INSTRUCTIONS TO JURY ON UNAUTHORIZED STARTING OF CAR — PROPER ELIMINATION OF QUESTION OF DUTY TO ANTICIPATE.—It is held that an instruction to the jury on the subject of the unauthorized starting of the car properly eliminates from the consideration of

the jury the question whether the railway company through its motorman and conductor should have anticipated the unauthorized signals.

ID.—CARRIER NOT BOUND TO GUARD AGAINST UNANTICIPATED CASUALTIES.—A carrier of passengers is not obliged to proceed to provide against casualties which have not been known to occur before, and which may not be reasonably anticipated. That which never happened before, and which, in its character, is such as not naturally to occur to prudent men to guard against its happening at all, cannot, when in the course of years it does happen, furnish good ground for a charge of negligence in not foreseeing its happening and guarding against that remote contingency.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Hannon & McCormick, for Appellants.

Gibson, Trask, Dunn & Crutcher, for Respondent.

HENSHAW, J.—This action was instituted by plaintiffs to recover damages alleged to have been sustained by plaintiff Sarah P. Cary while debarking from one of defendant's cars. The negligence, and the only negligence charged against defendants is found in the following allegation:

"And as said Sarah P. Cary was in the act of leaving said electric car, while the same remained stopped and while in the act of stepping off of said car, the said defendant through its agents and servants, negligently and carelessly and wantonly caused the said car to start forward with a sudden jerk, and with great force, thereby throwing said Sarah P. Cary violently from said electric car and onto the ground, whereby the said plaintiff sustained serious bodily injuries."

The answer denied negligence. The case was tried upon the issue of defendant's negligence, and on that issue the jury returned a general verdict in favor of the defendant, together with a special verdict, by which latter they found that two bells were a signal used by the conductor to the motorman to start the car, and that it was not the duty of the motorman, under the rules of the company, nor was it a custom of the motormen, upon receiving the signal of two bells, to ascertain

whether passengers were alighting from the rear steps; that the car stopped at a street for the purpose of allowing plaintiff to alight therefrom; that the conductor was at that time at the front of the car collecting fares; that the signal of two bells was given by some passenger standing at the rear of the car; that the motorman supposed it was given by the conductor, and at once started the car; that instantly upon hearing the two bells the conductor cried out warning the motorman not to start, but to stop his car. The motorman thereupon endeavored to prevent the starting of the car; that the car moved only from two to six feet; that neither the conductor nor the motorman had any reason to believe that any signal by bell or otherwise would be given by any other person than the conductor; that the proximate cause of the injury to plaintiff arose from the unauthorized act of the passenger in giving the signal to the motorman to start the car.

The evidence abundantly supported the special verdict and findings of fact above set forth. The only question upon the verdict is whether or not the facts themselves constitute a defense. Appellants present no authorities against the proposition that the facts found by the jury show an absence of negligence on the part of the defendant, and establish that the accident occurred by the unwarranted intervention of an unauthorized stranger, against whose unexpected act the company was not bound to take precautions. That such is the law governing the conduct of defendants in such cases is abundantly settled. Thus in *Krone* v. *Southwest Mo. E. R. Co.*, 97 Mo. App. 609, [71 S. W. 712], the trial court refused to give an instruction which declared:

"The court instructs the jury that if they believe from the evidence that the conductor stopped the car at Elizabeth Street to let Mrs. Kirksey and plaintiff get off said car, and that Mrs. Kirksey got off, and, before plaintiff could get off, some one, not an employee of the defendant, without the knowledge or authority of the conductor, rang the bell, and gave the motorman the signal to start, and in pursuance of said signal the motorman started the car, and plaintiff fell off, then there was no negligence on the part of defendant, and plaintiff cannot recover in this case, and their finding will be for defendant." The supreme court said: "We cannot see upon what theory the court refused said instruction, for if it

was true that some person other than the conductor, and not in defendant's employ, gave the signal which started the car while plaintiff was attempting to get off, causing her fall and injury, it was not the result of any negligence on the part of defendant, but that of a careless or mischievous stranger, over whom the defendant had no control." To the same effect are *McDonough* v. *Third Ave. R. Co.,* 95 App. Div. 311, [88 N. Y. Supp. 609]; *Fanshaw* v. *Norfolk & Portsmouth Tr. Co.,* 108 Va. 300, [61 S. E. 790]; *O'Neil* v. *Lynn & B. R. Co.,* 180 Mass. 576, [62 N. E. 983]; *Ellinger* v. *Philadelphia R. Co.,* 153 Pa. 213, [34 Am. St. Rep. 697, 25 Atl. 1132]; *Gulf C. & S. R. Co.* v. *Phillips,* 32 Tex. Civ. App. 238, [74 S. W. 793].

It was admitted that at the time of the accident the car was crowded and that passengers were standing in the aisle. Appellants make complaint of the court's rulings and instructions upon this point, which were to the effect that the fact that the car was crowded with passengers would not entitle the plaintiffs to recover, and could not be considered by the jury, except as a part of the conditions existing at the time. The court's rulings and instructions in this regard were correct. The crowded state of the car was permitted to be shown as one of the conditions at the time of the accident. No negligence was alleged by plaintiffs because of the crowded condition of the car, and no causal connection between the crowded condition of the car and the accident was in any way shown. While it is permissible to charge negligence in general terms, it is nevertheless necessary to specify the particular act or acts alleged to have been negligently done. (*Stevenson* v. *Southern Pacific Co.,* 102 Cal. 144, [34 Pac. 618, 36 Pac. 407]; *Smith* v. *Buttner,* 90 Cal. 95, [27 Pac. 29].) If appellants had desired to predicate negligence upon the crowded condition of the car they should have done so by appropriate allegation. But in this case, if they had done so, it is apparent that no different result would have been reached, since the overcrowded condition of the car was in no way the proximate cause of the accident, and it is but a matter of speculation as to whether or not the conductor, at the time actually engaged in taking up fares, would have seen the unauthorized act of the passenger who rang the starting bell, if the car had not been crowded. A violation of the provisions of the Civil Code (Civ. Code, 2102, 2184, 2185) will establish negligence, and

where injury results from such negligence a recovery may be had. But in every case the particular negligence to avail plaintiff must have some direct and causal connection with the injury complained of. For example, it is negligence if the whistle of a locomotive engine is not sounded and its bell rung at crossings, but if the train were derailed by a misplaced switch, an injured passenger could not base his recovery upon the showing that somewhere along the journey the whistle had not been blown or the bell sounded when these things should have been done. In such a case the employer will not be liable merely because his act constituted a violation of law, but only if it proximately caused the injury complained of. So although the violation of such a statute is negligence *per se,* there must be a causal connection between the unlawful act and the injury, which must be shown in the pleading and by the proof or the action fails. (*Nickey* v. *Steuder,* 164 Ind. 189, [73 N. E. 117]; *Hendricks* v. *Cooleemee Cotton Mills,* 138 N. C. 169, [50 S. E. 561]; *McVay* v. *Brooklyn etc. R. Co.,* 113 App. Div. 724, [99 N. Y. Supp. 266]; *Snyder* v. *Colorado Springs R. Co.,* 36 Colo. 288, [85 Pac. 686].)

It was not error for the court to state, as it did, that the conductor was doing his duty, or was in the performance of his duty, while collecting fares. Unquestionably, and as matter of law, the collection of fares and the issuance of transfers is a part of the duty of the conductor of a street-car. It is, of course, equally his duty to look after the safety of his passengers while on the car and embarking and debarking. In this case it appears that the conductor was actually engaged in taking the fares at the time the car stopped, and before giving his starting signal would have proceeded to the platform to see whether all intending passengers had left the car. But before he had done so the starting signal was given.

Answers to certain special questions which the court itself directed were upon matters not in dispute and established without contradiction. In this there was no invasion of the province of the jury. (*Baumann* v. *C. Reiss Coal Co.,* 119 Wis. 330, [95 N. W. 139].)

The court did not err in giving its instruction IV. The instruction, in hypothetical form, stated the uncontradicted facts of the accident, saying that "If some passenger upon

the rear of defendant's car, over whom the defendant had no control, gave the signal to start said car, and that the motorman in charge thereof responded to said signal and started his car" etc. It is argued against the instruction that it eliminates from the consideration of the jury the question as to whether the defendant, through its motorman and conductor, should have anticipated the unauthorized giving of the signal. But there is no word of testimony in support of this.

The law is to the contrary of appellants' contention. "A carrier of passengers is not obliged to proceed to provide against casualties which have not been known to occur before and which may not reasonably be anticipated. . . . That which never happened before and which in its character is such as not naturally to occur to prudent men to guard against its happening at all, cannot, when in the course of years, it does happen, furnish good ground for charge of negligence in not foreseeing its happening and guarding against that remote contingency." (*Holt* v. *Southwest Mo. E. R. Co.,* 84 Mo. App. 443.) Moreover the jury specifically found that the motorman believed that the starting signal was given by the conductor

No other points call for special attention.

For the foregoing reasons the judgment and order appealed from are affirmed.

Lorigan, J., and Melvin, J., concurred.