KNAISCH v. JOLINE et al.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—OVERCROWDING CARS—EVIDENCE.

Evidence that a street railroad company allowed its car to become so filled that the aisle and platforms were packed justified the jury in finding that it was negligent.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

2. CARRIERS (§ 305*)—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—PROXIMATE CAUSE.

The negligence of a street car company in permitting a car to be overcrowded was the proximate cause of injury to a passenger who was pushed off the car by another passenger who was pushing his way through the crowd to get into a position to alight.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 305.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Elsie Knaisch against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a judgment entered on a dismissal of the complaint at the close of plaintiff's evidence, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Charles Steckler, for appellant.

Bayard H. Ames, for respondents.

MILLER, J. The plaintiff, while a passenger on one of the defendants' cars, was pushed from it by another passenger, and thereby sustained a serious injury, for which this action is brought. The negligence complained of was the overcrowding of the car.

The plaintiff, 19 years of age, in company with her sister, boarded a Lexington Avenue car at Twenty-Third street, intending to alight at Eighty-Third street. Upon entering the car, she was able to get a seat, but the car rapidly filled up, so that, as it approached Eighty-Third street, the aisle and both platforms were crowded. Between Eighty-First and Eighty-Second streets, the plaintiff and her sister undertook to get into a position from which they could alight. The crowd was pressing toward the front platform, and they were unable to get to the rear platform, but they succeeded in crowding their way to the front platform, the plaintiff in advance of her sister. The plaintiff took a position on the platform next to the step and took hold of one of the bars, guarding the window. While in that position, and before the car reached the stopping place, she was pushed from the car by another passenger, apparently endeavoring to push his way through the crowd on the platform preparatory to alighting. The plaintiff described the cause of the accident by saying: "It was as if somebody wanted to pass me, and suddenly I received a push, and I fell." The sister testified that somebody pushed her aside to pass by, and then in a moment she saw her sister fall. I think the inference is justified that the plaintiff was pushed from the car by a passenger who was elbowing through the crowd in order to get into a position to alight when the car stopped; and it may be assumed that that was a careless thing to do.

The respondent seeks to sustain the judgment upon the authority of two cases—McVay v. B., Q. C. & S. R. R. Co., 113 App. Div. 724, 99 N. Y. Supp. 266, and Glyn v. N. Y. & Harlem R. Co., 85 Hun, 408, 32 N. Y. Supp. 1021—but both are distinguishable. In the McVay Case the plaintiff was pushed from the car by a passenger who was crowding to get on the bumper, a thing which the defendant was not obliged to anticipate. In the Glyn Case the negligence complained of was the failure of the driver to stop the car. The question of overcrowding was not involved.

There can be no doubt that the jury may find negligence from such overcrowding of cars as exposes the passengers to danger. Sheridan v. B. & Newtown R. R. Co., 36 N. Y. 39, 93 Am. Dec. 490; Merwin v. Manhattan R. R. Co., 48 Hun, 608, 1 N. Y. Supp. 267, affirmed 113 N. Y. 659, 21 N. E. 415; Lehr v. S. & H. P. R. R. Co., 118 N.

Y. 556, 23 N. E. 889; Dawson v. N. Y. & Brooklyn Bridge, 31 App. Div. 537, 52 N. Y. Supp. 133. The evidence in this case justified the jury in finding that the defendant was negligent in allowing its cars to become so filled that the aisle and platforms were "packed," as one witness described it. The only question is whether the crowding was the proximate cause of the accident, in other words, whether the causal connection between it and the accident was broken by the negligence of a third person. Upon that question, the Sheridan Case is decisive. There, as here, the accident was caused by the rush of another passenger to get off, but the court held that the negligence of the passenger concurred with that of the defendant. The fact that in that case the conductor had compelled the plaintiff to give up his seat to another passenger bore on the defendant's negligence, but did not affect the question of proximate cause. In this case, in order to alight at all, the plaintiff had to crowd her way to the front platform before reaching the place where she desired to alight. The necessity of her being where she could be thrown from the platform by the jostling of the crowd or of a single passenger attempting to alight was occasioned by the defendant's negligence, and the contention that the defendants were not obliged to anticipate that a passenger would negligently push his way through the crowd in order to get into a position to alight must seem strange to any one who has ever ridden on crowded street cars in this city.

There is no contention that some passenger intentionally or willfully threw the plaintiff from the car. Probably, the defendant would not be obliged to anticipate such conduct as that, but its negligence put the plaintiff in a position of danger, and in fact occasioned, if it did not cause, the negligent act of the passenger who pushed her off the car.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.