SOLOMAN BRODER, Appellant, *v.* NEW YORK CONSOLI-
DATED RAILROAD COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, January,
1917.)

Negligence — action for personal injuries — pleading — evidence — rail-
roads — when motion to dismiss complaint reversible error.

While the traveling public may be without remedy for the
bestial conditions of passenger traffic obtaining in the city of
New York, still for physical injuries sustained as a result of
the maintenance of such conditions the law affords a remedy.

Where by the evidence in an action to recover for personal
injuries to a passenger on defendant's railroad it is estab-
lished that plaintiff boarded the train and being unable to get
inside the car because of its crowded condition stood upon the
platform, which was also crowded, and he testified that as the
train approached a station the pushing of the passengers
forced him into the space between two cars where his foot
was caught and injured, he makes out a *prima facie* case of
negligence and it was reversible error to dismiss the complaint
at the close of plaintiff's case.

While there is force in the contention that under an allega-
tion of the complaint that, as plaintiff was standing on the
platform, the car "gave a sudden jerk and he was thereby
shoved and pushed by some of its passengers" the sudden
jerk of the car, instead of the overcrowding, was the proxi-
mate cause of the accident, yet upon a review of a dismissal
of the complaint at the close of plaintiff's case the complaint
which also alleged that the car was so filled with passengers
that plaintiff was obliged to stand upon the platform will be
construed as alleging that the real and proximate cause of
plaintiff's being pushed off the platform and down between two
cars, was the overcrowding of both the platform and of the
car, and if the motion to dismiss was based upon the fact
that the complaint alleged that the accident was caused by a
sudden jerk of the car, as to which there was no proof, the
objection should have been specifically made on the motion, as
the court might have permitted either an amendment of the
complaint or the introduction of further evidence.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, dismissing the complaint.

Lester M. Friedman, for appellant.

George D. Yeomans (A. C. Mayo, of counsel), for respondent.

SHEARN, J. The plaintiff was a passenger on the defendant's railroad when he sustained the injuries complained of. When he boarded the train, plaintiff was unable to get inside the car because of the number of people crowded into the car and upon the platform, so he stood on the car platform, which itself was very much crowded. According to plaintiff's testimony, as the train approached a station, the pushing of the crowd of fellow passengers forced him into the space between the two cars, where his left foot was caught and injured. Upon the conclusion of plaintiff's testimony, defendant's counsel made a motion to dismiss the complaint "on the ground that the plaintiff has failed to make out a cause of action, has failed to show any negligence here, failed to show his own freedom from contributory negligence. According to his own story, he fell down between the two cars. I don't see that this is any negligence on the part of this defendant. It is simply a pure, plain accident," whereupon the trial judge observed: "Entirely so. They will be suing the company some day for bad breaths on the platforms. The motion is granted." Any idea that a passenger who is invited by a railroad company to enter a car that is so overcrowded both inside and upon the car platform as to compel the passenger to maintain a precarious footing near the edge of the car platform, and who is forced off the car platform

17

by the pressure and pushing of his fellow victims while the train is in motion, not only has no cause of complaint but no cause of action for injuries thereby sustained must be based on a misconception of the duties of common carriers and a disregard of repeated adjudications. The traveling public may be without remedy for the bestial conditions of passenger traffic obtaining in the city of New York during the so-called "rush hours" but when, superadded to the discomfort, physical injuries are sustained as a result of the maintenance of such conditions, the law affords a remedy. *Knaisch* v. *Joline,* 138 App. Div. 854, 856; *Merwin* v. *Manhattan R. Co.,* 48 Hun, 608; *Graham* v. *Manhattan Railway Co.,* 149 N. Y. 336. It is true that in the complaint the plaintiff, after alleging that the car was so filled with passengers that he was obliged to stand upon the car platform, further alleged that while he was so standing the car "gave a sudden jerk and he was thereby shoved and pushed by some of its passengers." It is contended that the complaint thus in effect alleged that the sudden jerk of the car, instead of the overcrowding, was the proximate cause of the accident. There is force in this contention, but construing the complaint as it should be construed in reviewing a dismissal at the close of plaintiff's case the complaint is fairly susceptible of being construed as alleging that the real and proximate cause of plaintiff's being pushed off the car platform and down between the two cars was the overcrowding of the car and the platform. But if the defendant based its motion upon the fact that the complaint alleged that the accident was caused by a sudden jerk of the car, as to which there was no proof, it should have specified this objection in its motion. Although the evidence might have been clearer and more precise, the plaintiff had established a *prima facie* case of negli-

gence based upon a dangerous overcrowding of the car and the car platform, and if the attention of the court and counsel had been drawn to the alleged variance between the cause of action pleaded and the cause of action proved (both sounding in negligence, and the element of overcrowding being involved in either case), the court might have permitted either an amendment of the complaint or the introduction of further testimony.   This was not the position of defendant's counsel in the court below, his contention being, as above quoted: "According to his own story, he fell down between the two cars.   I don't see that this is any negligence on the part of this defendant. It is simply a pure, plain accident."   Plaintiff having made out a *prima facie* case of negligence, and no point having been made below that the negligence established was not the negligence alleged, the court erred in dismissing the complaint.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY, J., concurs.

BIJUR, J. (concurring).   I concur on the ground that giving the plaintiff's testimony the favorable consideration to which it is entitled on a motion to dismiss (*Faber* v. *City of New York*, 213 N. Y. 411, 414), and considering that he was manifestly a person unfamiliar with our language, his evidence may be construed as tantamount to the statement that he was pushed from the platform by reason of the movement of passengers caused directly by the overcrowding.

Judgment reversed and new trial ordered, with costs to appellant to abide event.