[Civ. No. 9289. First Appellate District, Division Two.—July 19, 1934.]

EDWARD SCHWERIN et al., Appellants, v. H. C. CAP-
WELL COMPANY (a Corporation), Respondent.

(1)

Vincent H. O'Donnell and Francis W. Murphy for Appellants.

Brown, Ledwich & Rosson for Respondent.

NOURSE, P. J.—The defendant owns and operates a large department store having six floors and a basement. To enable its customers to go from one floor to another the defendant maintains elevators, escalators and ordinary stairways. While a customer in the store, Mrs. Schwerin chose an escalator to go from the first floor to the basement to make a purchase. When about halfway down she was struck by two small boys who were attempting to ascend against the downward movement of the escalator. In their suit for damages Mrs. Schwerin and her husband, pleaded negligence specially, basing their case on the allegations that the children were permitted to play on the escalator "with the knowledge and consent" of the defendant and that the latter "failed and neglected to control the conduct of said children". At the close of plaintiffs' case the trial court granted the defendant a *nonsuit*.

On this appeal it is conceded that the mechanical condition of the escalator was perfect and that it was operated in the usual and customary way with the usual guard-rails and similar protective devices. The appellants found their appeal on the ground that the jury should have been permitted to determine whether the respondent should have maintained personal guards at the top and bottom of the escalator to prevent a stranger from causing any injury to a customer using the escalator. The question reduced to its simplest form is whether, assuming that, in the operation of the escalator, the respondent was charged with the highest degree of care as of a common carrier, was the respondent obliged to provide against unknown casualties caused by strangers which could not reasonably have been anticipated? The question is answered in the negative in *Cary* v. *Los Angeles Ry. Co.*, 157 Cal. 599, 603 [108 Pac. 682, 21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764], where the Supreme Court, quoting from *Holt* v. *Southwest Mo. E. R. Co.*, 84 Mo. App. 443, says: " ' . . . a carrier of passengers is not obliged to forsee and provide against casualties which have not been known to occur before, and

which may not reasonably be expected. . . . "That which never happened before, and which in its character is such as not to naturally occur to prudent men to guard against its happening at all, cannot when in the course of years it does happen, furnish good ground for charge of negligence in not foreseeing its possible happening and guarding against that remote contingency." ' ' "

To the same effect see: *Morris* v. *Southern Pac. Co.*, 168 Cal. 485, 490 [143 Pac. 708]; *O'Neil* v. *Lynn & B. R. Co.*, 180 Mass. 576 [62 N. E. 983]; *Fanshaw* v. *Norfolk & P. T Co.*, 108 Va. 300 [61 S. E. 790]; *Graeff* v. *Philadelphia R. R. Co.*, 161 Pa. 230 [28 Atl. 1107, 41 Am. St. Rep. 885, 23 L. R. A. 606]; 10 C. J. 902, 903.. In *Tall* v. *Baltimore Steam Packet Co.*, 90 Md. 248 [44 Atl. 1007, 47 L. R. A. 120], and *Takacs* v. *Detroit United Ry.*, 234 Mich. 42 [207 N. W. 907], the rule is stated that the liability of a carrier to a passenger for the acts of strangers or fellow-passengers is relative, qualified and contingent upon whether the carrier, or its agents, has, or from known conditions should have, knowledge of conditions from which mischief is to be reasonably apprehended, and has neglected to prevent the injury.

Here there is no evidence of knowledge, and no evidence of any fact from which the jury might have inferred knowledge, that children would enter the escalator from the bottom or that they would attempt to ascend against the downward movement of the machinery. Plaintiffs' evidence was that such a thing had not been known to have occurred before the accident. Negligence in such a case is founded on what a reasonable person in the position of the carrier would have done under the circumstances. Of this there was no evidence which would have supported a finding that the respondent was negligent. So far as it appears from the evidence the boys may have entered the escalator at the top in the customary way and, after going part way down, may have turned and run upward. Thus, when appellants argue that the respondent should have maintained guards at the entrance to the ·escalator, they ask the jury to conjecture whether such omission was in fact negligence because harm ensued. But the foundation of liability for negligence "is knowledge—or what is deemed in law to be the same thing: opportunity by the exercise of reasonable diligence to acquire knowledge—of the peril which subse-

quently results in injury." (20 R. C. L., p. 13.) Mr. Justice Holmes said, in *Commonwealth* v. *Pierce*, 138 Mass. 165 [52 Am. Rep. 264]: "We admit that, if the thing is generally supposed to be universally harmless, and only a specialist would foresee that in a given case it would do damage, a person who did not foresee it, and who had no warning, would not be held liable for the harm. If men were held answerable for everything they did which was dangerous in fact, they would be held for all their acts from which harm in fact ensued. The use of the thing must be dangerous according to common experience, at least to the extent that there is a manifest and appreciable chance of harm from what is done, in view either of the actor's knowledge or of his conscious ignorance."

In their reply brief the appellants suggest that they might have been entitled to go to the jury on the theory that the instrument was an attractive nuisance. Their complaint did not tender that issue and their evidence failed to bring the case within the attractive nuisance doctrine.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.