[2] With respect to the charge of negligently intrusting the capital to the defendant Cutler, it appears that his codirectors repudiated his unlawful acts when discovered, succeeded in compelling a partial restoration, undertook to institute criminal proceedings against him, and removed him from his position as treasurer and general manager. The only purpose of appointing a receiver in a case like this is to preserve assets. The plaintiff failed to show that further waste was threatened; but, on the contrary, it appeared that the stockholders have held a meeting and appointed a committee, not including any of the defendants, for the very purpose of preserving the assets of the corporation. They should be allowed, if they can, to do that, without having the expense of a receivership unnecessarily imposed upon them. The assets of the corporation belong to the stockholders and the court should not take possession through its receiver, unless a plain case of necessity be shown.

The appointment of a receiver will not help the plaintiff to prosecute his suit. Moreover, the complaint contains averments which tend at least to cast doubt upon the good faith of the plaintiff, who complains of the removal of the said Cutler, and of the attempt to have him indicted. Cutler was concededly the active wrongdoer in wasting the funds of the corporation, and it is quite possible that this suit has been instigated by him in order to embarrass those who have removed him from the management of the corporation and compelled him, in part at least, to make restitution. The plaintiff complains of some plan of reorganization, proposed by the stockholders' committee, but fails to show what that has to do with the prosecution of this action against directors for waste.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

STURGES & BURN MFG. CO. v. AMERICAN SEPARATOR CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

SALES (§ 175*)—RESCISSION BY BUYER—REVOCATION.

Where the seller of goods, though notified by the purchaser that he will not accept further deliveries under the contract, yet tenders such deliveries, which are accepted and paid for, but does not succeed in delivering the full contract amount, he cannot claim that he was prevented by the purchaser's rescission from completing the contract; the acceptance of part of the goods after notice of rescission being a revocation thereof.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 175.*]

Houghton, J., dissenting.

Appeal from Special Term, Chenango County.

Action by the Sturges & Burn Manufacturing Company against the American Separator Company. Judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Julien Scott, for appellant.

T. B. Merchant, for respondent.

SEWELL, J.  This action was brought to recover damages for the breach of a contract.  On January 13, 1906, the plaintiff entered into an agreement with the defendant to manufacture and deliver 1,500 of No. 1 separator covers, and 1,500 of No. 2 covers.  On February 6, 1906, the plaintiff entered into another agreement with the defendant to manufacture and deliver 500 of No. 1 covers, and March 22, 1906, the plaintiff and defendant made another contract, whereby the plaintiff was to manufacture and deliver 1,000 of the No. 1, and 1,000 of the No. 2 covers.  Part of these covers were manufactured and delivered to the defendant prior to the 6th day of August, 1906, when the defendant, claiming that the plaintiff had failed to perform the contract on its part, rescinded the agreement and notified the plaintiff not to ship any more of the No. 2, and only 500 more of the No. 1, covers.

It appeared that the plaintiff did not acquiesce in the rescission, but continued in the performance of the contract, and thereafter made eight separate shipments, amounting in the aggregate to 1,632 covers, and that each shipment was accepted, retained, and paid for by the defendant.  There was no proof to show that the defendant expressed any dissatisfaction with the subsequent deliveries, that it refused to accept or pay for the remainder of the covers, or that it again intimated in any way that it would not abide by the contract.  The court found as a fact that by reason of the rescission of the contracts the plaintiff was unable to complete and deliver 1,062 covers, and as a matter of law that the defendant was liable in damages to the plaintiff for the unauthorized rescission.

We think this was error.  Upon the rescission of the contract by the defendant, the plaintiff might have taken advantage of it and sued for damages, without any demand or offer of performance; but it was not obliged to do so.  It was its right and privilege to tender performance, and as all the covers delivered or tendered were accepted and paid for by the defendant, according to the terms of the agreement, it is clear that the plaintiff cannot now insist that it was prevented from continuing and completing the contract, or that damages followed the breach.  It is equally clear, taking all the facts and circumstances into consideration, that the rescission was not conclusive upon the defendant, that it had the right to revoke the rescission, and that the acceptance of the covers after the rescission was equivalent to a revocation of it, and an unequivocal notice of an election to abide by the contract.

We are, therefore, led to the conclusion that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur, except HOUGHTON, J., who dissents.