RATHBONE et al. v. FORSYTH et al.

(Supreme Court, Appellate Division, Third Department.    January 5, 1916.)

MORTGAGES ⬤➞408—ACCELERATION OF DUE DATE.

Where a mortgage to secure $7,500 was payable, $150 of the principal March 1, 1914, and the same amount annually thereafter until March 1, 1923, when all unpaid principal was to become due, with the right to make greater payments, interest being payable annually, the mortgagees having the right to declare the whole mortgage due in case default was made in any payment, and the mortgagors, when no interest was due, but part of the principal was due, made a payment stating that they were paying interest, instead of expressly applying it to payment of the principal, the mortgagees, accepting the payment without insisting upon payment of the overdue principal, were foreclosed from exercising their right to declare the whole amount of the mortgage due for 30 days' default in payment of an installment of principal, for though a mortgage clause, accelerating the due date for default in paying an installment, will be enforced, the courts will see that it is fairly enforced and no unconscionable advantage taken.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1172-1176; Dec. Dig. ⬤➞408.]

Woodward, J., dissenting.

Appeal from Chenango County Court.

Suit to foreclose a mortgage by Samuel M. Rathbone and Eva E. Rathbone against David Forsyth and Frances B. Forsyth.    From a judgment of foreclosure of sale, defendants appeal.    Reversed, and judgment directed for defendants.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

William J. Hogan, of Oxford (H. C. Stratton, of Oxford, of counsel), for appellants.

Fred E. Page, of Greene (Hubert L. Brown, of Norwich, of counsel), for respondents.

JOHN M. KELLOGG, P. J.    The mortgage, dated March 1, 1913, was given to secure $7,500, payable $150 of the principal March 1, 1914, and the same amount annually thereafter until the 1st day of March, 1923, on which day all the unpaid principal becomes due, with the right to make greater payments.    Interest was payable annually, with the right to declare the whole mortgage due in case default was made in any payment.    The foreclosure for the whole amount proceeded upon the theory that the $150 principal, payable March 1, 1914, remained unpaid for more than 30 days thereafter, and under the terms of the mortgage the plaintiff had elected to declare the whole amount due.    In September, 1913, the appellants paid six months' interest, which the plaintiffs accepted, knowing it was not due.    In February, 1914, $1,700 worth of timber was sold from the premises with the consent of the mortgagee, which by the terms of the mortgage was to be applied thereon, and the appellants claim that, in consideration of said payment, and as a condition of the sale, it was agreed that the payment to become due March 1, 1914, need not be paid.    The plaintiffs

deny such agreement, but the facts tend to corroborate the appellants. March 7, 1914, the appellants paid the interest, which became due March 1st, and on September 1, 1914, the appellants paid to Mrs. Rathbone, one of the plaintiffs, six months' interest upon the mortgage. No interest was then due, but the appellants swear that Mrs. Rathbone inquired if it was to apply on the $150 payment, and they said, "No; it is on the interest;" that her husband agreed to let the $150 go; and that she replied "All right." We quote from Mrs. Rathbone's testimony:

"Q. You was somewhat surprised when they came to make a payment of interest? A. Why, no; they said they wanted to pay the money, as she had it. Mrs. Forsyth said if she had the money she would like to pay it. Q. When they did pay the 1st of September, 1914, you asked them if that payment was upon the principal? A. I asked them—they said that was the interest, and I says: 'No; you know that wants to be paid on the back principal due. Do you mean this to go towards the back principal?'—and they said, 'No.' "

If the appellants understood that principal was due, it is unreasonable that they would insist on paying interest when no interest was in fact due. A clause in a mortgage for the acceleration of the due date on account of default in paying an installment is not unconscionable or unreasonable, and the courts will enforce it, but will see, however, that it is fairly enforced and that an unconscionable advantage is not taken. The mortgagees had the right, after 30 days from March 1st, to declare the whole amount of the mortgage due, but if they intended to exercise that right, they must act consistently, and must do nothing to mislead the mortgagors or throw them off their guard. When the appellants wanted to pay the interest in September, if the plaintiffs intended to claim the whole amount was due, they should have notified the defendants. If they had done so, the installment of principal would have been paid, or the appellants would have kept their money. If plaintiffs insisted upon payment of the principal, they should have required that the payment then made should apply upon the principal, and not upon the interest not then due. We find that the defendants paid interest in September, 1913, six months before it was due, and again in September, 1914, six months before it was due, and the plaintiffs are seeking to foreclose the mortgage for nonpayment when in fact the appellants have paid substantially all that the mortgage required them to pay. The defendants, if they lose their farm, will lose it simply because they stated that they were making a payment of interest which was not due, instead of applying it on principal which was due. The proposition is so inequitable and unfair that the court cannot approve of it. If the defendants are allowed interest on the payment made September, 1913, until it was due, they would be entitled to a credit of $3.63, which, added to the payment of $145, made in September, 1914, would make $148.63. If the payment in 1914 is applied upon the mortgage principal, there would be only a balance of $1.37 unpaid, a sum too trivial to need serious consideration. The plaintiffs, seeking to take from the defendants their farm for such a trivial matter, cannot expect favorable consideration from the courts. Under the circumstances, the payment in September, 1914, may be

so far treated a payment of principal that the defendants were not then in default.

A citation of cases is unnecessary to show that, where a party intends to insist upon a forfeiture, he must do no act inconsistent with that right, and that if the forfeiture is to be enforced on account of a nonpayment of money, an acceptance of money after a right to the forfeiture exists prevents the election to take advantage of the default until timely notice is given that strict performance is required. If the plaintiffs wished to elect to declare the mortgage due, after the acceptance of the interest in September, 1914, it was necessary for them to give timely notice that in case the same was not paid they would declare the whole amount due. We have recently held that where there was a right to rescind a contract, the acceptance of a part performance after the right accrued was a waiver. Sturges & Burn Mfg. Co. v. American Separator Co., 144 App. Div. 872, 129 N. Y. Supp. 210. By accepting the interest in September, 1914, the plaintiffs set the time running, and time ceased to be of the essence of the contract so far as relates to the right to declare the whole amount due until a notice of a contrary intention was given. French v. Row, 77 Hun, 380, 28 N. Y. Supp. 849, considers a somewhat similar case. We quote from page 385 of 77 Hun, from page 852 of 28 N. Y. Supp.:

"Again, where by the terms of a contract for the sale of land, the purchase money is to be paid in installments with annual interest, and the vendor reserves to himself the right to forfeit the contract if the vendee makes default in any of the payments, and after default the vendor continues to receive parts of the purchase money, it has been uniformly held in this state that such a vendor, by receiving payments after default, had so far waived the forfeiture that he could not insist upon it, without giving the purchaser notice to pay the arrears, or he would exercise the right of forfeiture, and that a vendor who has waived a forfeiture for nonpayment by receiving partial payments from the vendee, after the time of payment prescribed in the contract, cannot suddenly stop short, and insist on a forfeiture for the nonpayment of the arrears, without previous notice of his intention to do so if the arrears are not paid."

In the sale of a piano upon conditional sale the same holding was made. Cunningham v. Hedge, 12 App. Div. 212, 42 N. Y. Supp. 549.

It was therefore impossible, under the circumstances of this case, to declare the whole amount of the mortgage due, even though the plaintiffs did not agree that the payment of March, 1914, need not be made. But the circumstances show clearly that it was the understanding of the parties that the payment due March 1, 1914, was waived.

The judgment should therefore be reversed, upon the law and the facts, with costs, and judgment directed for defendants, with costs. All concur, COCHRANE, J., in result, except WOODWARD, J., dissenting in opinion.

The court disapproves of the seventh and ninth findings of fact, and finds in lieu thereof that it was expressly agreed between the mortgagors and the mortgagees, in consideration of the sale of the $1,700 of timber from the property and the application of the proceeds upon the mortgage, that the payment falling due March 1, 1914, need not be made; also that the acceptance of interest in September, 1914, was a waiver of the right to declare the whole amount of the mortgage

due, and that at the time of the commencement of the action the defendants were not in default in making any payment secured by said mortgage.

WOODWARD, J. (dissenting). The defendants purchased a farm from the plaintiffs, agreeing to pay therefor the sum of $10,500. Three thousand dollars was paid down, and a bond and mortgage, bearing date of March 1, 1913, was executed and delivered, for the balance of $7,500. By the terms of this mortgage the defendants were to pay $150 on the 1st day of March, 1914, and a like amount each 1st day of March until 1923, when the whole was to become due and payable. Interest was to be paid annually, though the defendants appear to have labored under a mistaken idea that the interest payments were to be made semiannually, and the interest was kept up under this theory until the payment made on or about the 1st of September, 1914, at which time no interest was due. The defendants defaulted in the payment of the $150 of principal on the 1st of March, 1914, and in February, 1915, this action was brought to foreclose the mortgage on account of such default. The learned trial court has found the facts justifying the foreclosure, and judgment has been entered. The defendants appeal from the judgment.

There is no dispute that the defendants did not make the payment of $150, but they claim that this specific payment was waived, or was involved in the payment of $1,700 made by one Page for certain timber on the farm. The mortgage provided:

"No timber or lumber to be cut on said premises except for firewood, fences and for building thereon, except, two, that in case any other timber or lumber is cut then and in that event the net proceeds thereof shall be applied on this mortgage as a payment hereon, even though no payment is due."

Timber was sold, both parties taking part in the negotiations for such sale, to the amount of $1,700, and the proceeds were paid over to the plaintiffs, as provided in the mortgage, and the defendants contend that this payment operated to take care of the particular $150 due on the 1st of March following, as well as others which were to follow, and it is claimed that the plaintiffs consented to waive the payment of the sum due on the 1st day of March, 1914. Obviously, the provisions of the mortgage in reference to the timber merely contemplated that if the trees were cut down and disposed of, the mortgagees would release them from the lien of the mortgage upon being paid the net sum realized, in the same sense that they would have released 10 acres of the land from the lien of the mortgage if the defendants had sold the same and paid over the proceeds to the plaintiffs. This is a distinct provision for the release of a portion of the property from the lien of the mortgage, and has no relation to the provision for annual payments upon the principal.

I agree with the learned trial court that the evidence does not support the contention that there was any waiver of the conditions of the mortgage in respect to the payment of $150 on the 1st day of March, 1914.

The judgment appealed from should be affirmed.