STURGES & BURN MANUFACTURING COMPANY, Respondent,
*v.* AMERICAN SEPARATOR COMPANY, Appellant.

Third Department, March 6, 1918.

**Sale — failure of seller to deliver — damages — loss of profits.**

A purchaser of covers for separator machines manufactured by it is not
entitled to recover the alleged loss of profits upon machines which it
might have made and delivered except for the delay of the seller in deliver-
ing covers, where no reason is suggested why it could not have purchased
a sufficient number of covers from another company to meet its demands,
and charged the seller with the difference in price, especially where it
appears that the machines were subsequently completed and sold and
the evidence does not disclose any resulting loss.

APPEAL by the defendant, American Separator Company,
from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of
Chenango on the 11th day of August, 1917, upon the decision
of the court, a jury having been waived.

*Julien Scott* and *H. C. Stratton,* for the appellant.

*T. B. & L. M. Merchant,* for the respondent.

PER CURIAM:

This case has been tried four times, and this is the fourth
time that this court has been called upon to review the
action of the trial court. (144 App. Div. 872; 158 id.
63; 171 id. 429.) The only question surviving is raised by
the defendant as to the amount which has been allowed upon
its counterclaim. It is urged that the defendant is entitled
to approximately $1,800 for an alleged loss of profits upon
certain covers for separator machines, which it is claimed
would have resulted from sales made, and which were obliged
to be canceled by reason of the failure of the plaintiff to
deliver its product within a reasonable time.

As we read the opinions upon the former appeals, the
plaintiff has a right to recover for the covers which it manu-
factured and delivered, as well as for those which it tendered
for delivery and which the defendant refused to accept, while
the defendant is entitled to recover for the damages which
it may have suffered by reason of the failure of the plaintiff

to deliver the covers within a reasonable time. It appears from the evidence in the present case, and from the findings of the court, that the defendant purchased certain covers of a corporation in Philadelphia, at an advanced price, for the purpose of meeting its requirements, and the defendant has been allowed the difference in price between these covers so purchased and those which the plaintiff failed to deliver in time for use. It was undoubtedly the duty of the defendant to make the plaintiff's loss as small as it properly could in the conduct of its business, and in purchasing these more expensive covers it was fulfilling this obligation, and was entitled to be paid any loss which it suffered. The plaintiff does not complain of this allowance upon the counterclaim, but the defendant urges that it lost certain sales by reason of the failure of the plaintiff to deliver its product on time. The learned court in its decision finds, however, that the defendant never made time of the essence of its contract with the plaintiff, and that by continuing to receive the covers as manufactured and shipped by the plaintiff, it waived the defective performance of the contract on the part of the plaintiff and involved itself in the obligation to pay for the goods under the terms of the contracts.

No reason is suggested why the defendant could not have purchased of the Philadelphia company a sufficient number of covers to meet its demands, which, under the law of this case as it now stands, would have involved the plaintiff in damages to the extent of the difference in price between such covers and its own product, and this would seem to be the measure of damages under the circumstances disclosed, rather than the alleged loss of profits upon goods which it might have made and delivered except for the fault of the plaintiff.

The evidence and the findings disclose that the defendant gave its orders for the covers knowing that the plaintiff was to order special materials for such covers, and that such materials as were required could not be bought in the open market, so that it may well be that the contract did not contemplate immediate deliveries. Indeed, reading between the lines, it is evident that the defendant had not anticipated the volume of business which it was offered, and had not made proper arrangements; that it ordered the goods in the

hope that they might be delivered in time to hold the business, but without any right to expect deliveries immediately. The parties furnishing the stock necessary for the covers did not deliver until after the lapse of considerable time, and, while the court has found that the plaintiff did not perform its contract within a reasonable time, it is apparent that if the defendant had not elected to change the style of its product, requiring a different form of cover, the present controversy would not, in all probability, have been before the courts. The defendant might have supplied the deficiencies in covers and charged the difference to the plaintiff, but we are of the opinion that it may not, under the facts of this case, call upon the plaintiff to make good an alleged loss of profits, particularly as it appears that the machines were subsequently completed and sold, and the evidence does not disclose that any loss resulted. It may be even that these machines commanded an advanced price. '

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.