ADOLPH HACK, Plaintiff, *v.* MEYER GOLDBLATT and Others, Defendants.

(Supreme Court, Monroe Special Term, July, 1918.)

Election — waiver of — mortgages.

Where a mortgagee upon a default in a mortgage elects to declare the entire mortgage due and thereafter waives his election, he cannot thereafter revive such election.

Supreme Court, July, 1918.　　　[Vol. 104.

ACTION to foreclose mortgage.

Reed, Shutt, Downs & Shutt (Erwin E. Shutt, of counsel), for plaintiff.

Norman S. Rosenberg, for defendants Goldblatt.

Jacob L. Rubenstein, for defendant Lefkowitz.

RODENBECK, J. The defendants Goldblatt had defaulted on a mortgage held by the plaintiff. The plaintiff had begun a foreclosure action. The parties met and agreed to discontinue the action and excuse the default by the payment of the back interest, principal and the costs of the foreclosure. The interest, principal and part of the costs were accepted unconditionally by the plaintiff. There was no reservation of his right of election. He had previously called up his attorney by telephone and knew his legal rights. The transaction was complete and showed an intention to waive the default. All that remained was the payment of the balance of the costs when the amount should be ascertained, and the formal discontinuance of the action. About six weeks later a stipulation of discontinuance was signed in which the plaintiff reserved the right to proceed on the default and his previous election to declare the whole amount of the mortgage due. This was an afterthought and the portion of the stipulation reserving the election is not based upon any consideration. The plaintiff had previously waived his election. The defendants Goldblatt did not understand that they were doing anything more than signing the formal papers of discontinuance. One of the signatures is in Hebrew. The plaintiff, having waived the default, cannot waive his waiver. To permit him to do so would compel the

defendants to transfer the loan at a time when it is common knowledge that it is almost impossible to do so. The plaintiff is suffering no loss and in view of his agreement should not put the defendants to a loss upon any technical construction of the agreement or subsequent stipulation.

Ordered accordingly.