Mary E. McGill, Appellant, v. The City of New York, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

Merinos Viesca y Compania, Inc., Respondent, v. Pan American Petroleum and Transport Company and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

Robert Bladen Mitchell, Respondent, v. Morris Rappaport, Appellant.— Order of the County Court of Queens county denying motion for new trial reversed on the law, and complaint dismissed, with costs. On plaintiff's own testimony, his so-called customer was prospective only. He was not ready and willing to buy through the plaintiff's procurement. The transaction subsequently consummated was through the efforts of another who alone was the procuring cause of the sale. No bad faith on defendant's part was shown. Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ., concur.

The People of the State of New York, Respondent, v. William Harrison, Appellant.— Judgment of conviction of the County Court of Kings county affirmed. No opinion. Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ., concur.

Olga C. Perussi, Respondent, v. Louis Dushin and Another, Appellants.— Order setting aside verdict and granting new trial unanimously affirmed, with costs. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

Molly Rosenblum, Respondent, v. John F. Harrington, Appellant, Impleaded with Another, Defendant.— Order of the County Court of Queens county reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to vacate judgment granted, with ten dollars costs. The action was brought to foreclose a mortgage by reason of the non-payment of an installment of principal. It is undisputed that defendant subsequently paid the installment, and large sums in addition thereto, and that the plaintiff agreed that the action should be " dropped." Under these circumstances the plaintiff's right to prosecute this action was lost. If any subsequent default occurred, the plaintiff would be obliged to bring a new action thereon. (*Hack* v. *Goldblatt*, 104 Misc. 249, Special Term, Monroe County, Rodenbeck, J.; *Rathbone* v. *Forsyth*, 171 App. Div. 26.) Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

Christopher Ryan, Appellant, v. The Brooklyn City Railroad Company, Respondent.— Judgment reversed on the law and a new trial granted, costs to abide the event. The proofs presented by the plaintiff required submission of the case to the jury, as it was for the jury to determine whether or not the defendant was negligent in carrying so many passengers. (*Lehr* v. *Steinway & Hunters Point R. R. Co.*, 118 N. Y. 556; *Knaisch* v. *Joline*, 138 App. Div. 854.) Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

Sam Wallins, Respondent, v. Mary A. Butler, Also Known as Mary A. Kenney, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

Adolph Weiss, Appellant, v. David Schlein, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

George Ewald, Jr., an Infant, by George Ewald, His Guardian ad Litem,