■ ESTER STEWART, as Administratrix of the Estate of GEORGE STEWART, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injury the appeal is from a judgment, setting aside a verdict in favor of the appellant and dismissing the complaint after direction of a verdict in favor of respondent, and from the decision of the Trial Justice. Judgment reversed and a new trial granted, with costs to appellant to abide the event. There was evidence that appellant, a passenger in a crowded subway train, was pushed out of the train by the surging of the crowd. This proof, considered in the light of all the attendant circumstances, was sufficient to present to the jury an issue as to the actionable negligence of the respondent (*Lehr* v. *Steinway & Hunters Point R. R. Co.,* 118 N. Y. 556; *Ryan* v. *Brooklyn City R. R. Co.,* 216 App. Div. 732; *Knaisch* v. *Joline,* 138 App. Div. 854; *Morey* v. *New York Cent. R. R. Co.,* 234 App. Div. 210, affd. 260 N. Y. 691). Therefore, it was error to direct a verdict for respondent and to dismiss the

complaint as a matter of law (cf. *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241). However, under the circumstances here, it was well within the province of the Trial Justice, who saw and heard the witnesses, to set aside the jury's verdict on the ground that it is contrary to the weight of the credible evidence. Appeal from decision dismissed, without costs. No appeal lies from a decision. Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur.