**In re Bernard TUCHMAN, Debtor.**

**Bankruptcy No. 82 B 11978 (EJR).**

United States Bankruptcy Court,
S.D. New York.

April 21, 1983.

Nitkin, Alkalay, Handler & Robbins, New York City, for Banc One of Connecticut.

Alfred A. Rosenberg, Brooklyn, N.Y., for debtor.

## DECISION ON OBJECTION BY BANC ONE TO DEBTOR'S CONFIRMATION PLAN

EDWARD J. RYAN, Bankruptcy Judge.

In June of 1980 Bernard Tuchman, the debtor herein, executed and delivered a mortgage and note to Banc One of Connecticut ("Banc One"). The property subject to the mortgage is Tuchman's residence, located in Easton, Connecticut.

Because of health and financial difficulties Tuchman was unable to meet the monthly mortgage payments, and Banc One accelerated the entire debt as it was entitled to do both under the note and under Connecticut law. Banc One also commenced a foreclosure proceeding which resulted in a judgment of strict foreclosure for the total amount due on the note.

The Connecticut Foreclosure Court fixed October 8, 1982 as the "Law Day," after which Tuchman's equity of redemption would terminate. However, on October 7, 1982, one day prior to the "Law Day," and before the property was sold, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The automatic stay provisions of 11 U.S.C. § 362 thereby prevented Banc One from proceeding with the foreclosure sale.

In his Chapter 13 plan Tuchman proposes to cure his default by paying the arrears in full, including interest, over the course of the plan, and to continue making current payments on the mortgage as they become

due.* However, Banc One objects to the confirmation of the plan. Banc One argues that under Connecticut law a debtor cannot cure an accelerated mortgage without paying the full amount of the claim; therefore, the plan must provide for the payment of the entire amount due and owing under the accelerated mortgage.

For the reasons set forth below, this court holds that the issue presented, whether a Chapter 13 plan may provide for the de-acceleration of a mortgage debt which has been foreclosed under state law, must be answered in the affirmative.

One of the principal aims of Chapter 13 is to afford the consumer debtor the opportunity to retain the assets he would otherwise forfeit if he had filed a liquidation case in Chapter 7. *Report of the Committee on the Judiciary,* H.R. 95–595, 95th Cong. 1st Sess. (1977) p. 118, U.S.Code Cong. & Admin. News 1978, p. 5787. To this end Congress enacted 28 U.S.C. § 1322, under which a debtor is given the exclusive right to develop and perform a plan for the repayment of creditors. Under § 1322(b)(2) a debtor may not modify the rights of holders of a security interest in a debtor's principal residence. However, § 1322(b)(5) states that the plan may

"... notwithstanding paragraph (2) of this section, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which the final payment under the plan is due ...."

The intent of Congress to allow a Chapter 13 debtor to cure a default of a mortgage secured by the debtor's residence is indicated by the legislative history:

"Under [Section 1322(b)(2) ] the plan may modify the rights of holders of secured claims other than a claim secured by a security interest in real property that is the debtor's principal residence. *It is intended that a claim secured by the debtor's principal residence may be treated under Section 1322(b)(5) ...."*

124 Cong.Rec. H 11, 106 (1978); 124 Cong. Rec. S 17, 423 (1978) (emphasis added).

This issue has been addressed by the Second Circuit in *In re Taddeo,* 685 F.2d 24 (2d Cir.1982). In *Taddeo* the creditor received a judgment on the issue of the debtor's mortgage liability, and the amount of the debt was settled by a court appointed referee. However, the final judgment authorizing the sale of the debtor's residence was forestalled by the debtor's Chapter 13 petition. Bankruptcy Judge Parente concluded that

"... this court finds implicit that the language of Section 1322(b)(5) contains the right of the Chapter 13 debtor, at any time prior to actual sale of the foreclosed property, to attempt cure of the pre-acceleration defaults and to reinstate the original mortgage payment schedule."

*In re Taddeo,* 9 B.R. 299, 302 (Bkrtcy.E.D.N. Y.1981).

On appeal the Second Circuit Court affirmed, stating

"When Congress empowered Chapter 13 debtors to 'cure defaults,' we think Congress intended to allow mortgagors to 'deaccelerate' their mortgage and reinstate its original payment schedule .... [T]he power to cure must comprehend the power to 'de-accelerate.' This follows from the concept of 'curing a default.' A default is an event in the debtor-creditor relationship which triggers certain consequences—here, acceleration. Curing a default commonly means taking care of the triggering event and returning to pre-default conditions. The consequences are thus nullified. *This is the concept of cure used throughout the Bankruptcy Code."*

685 F.2d at 26–27 (emphasis added).

The message of the Second Circuit is clear. To condition relief on a creditor's ability to win the race to the courthouse would be totally at odds with the overriding rehabilitative purpose of Chapter 13, which clearly envisions that the debtor retain his

---

* Debtor claims that current payments are included in Plan as part of his monthly budget.

41

residence during his period of rehabilitation. *See Matter of Breuer,* 4 B.R. 499 (Bkrtcy.S.D.N.Y.1980).

■ Further, Banc One's reliance on state law to determine rights and liabilities in a federal bankruptcy procedure is misplaced. It is a fundamental precept of bankruptcy law that state law cannot be applied where to do so would frustrate or debilitate federally enacted policy. *In re Taddeo,* 685 F.2d supra, at 29; *Matter of Queens Boulevard Wine & Liquor Corp.,* 503 F.2d 202 (2d Cir.1974) (lease forfeiture clause ostensibly valid under state law held unenforceable in light of Bankruptcy Act's policy of preserving otherwise viable businesses); *Hallenbeck v. Penn Mutual Life Insurance Company,* 323 F.2d 566 (4th Cir. 1963) (federal bankruptcy policy allowed the enjoining of state foreclosure action).

As the bankruptcy court stated in *Taddeo,*

"It is extremely doubtful that many mortgagors faced with the three year or five year limit on plan duration ... could conceivably muster enough income to satisfy a fully accelerated mortgage debt over the course of their plans. If such were required, many homeowners would in effect be categorically denied access to Chapter 13. This would exact a harsh result and obviously contrary to the rehabilitative thrust of Chapter 13."

*In re Taddeo, supra,* 9 B.R. at 304.

Banc One's objection to Tuchman's Chapter 13 plan is overruled.

Settle an appropriate order.