OPINION OF THE COURT
Eli Wager, J.
The issue raised on this motion by the defendant mortgagor for an order vacating a judgment of foreclosure and canceling the deed delivered to the plaintiff mortgagee is whether the foreclosure proceeding commenced prior to the filing of the defendant’s chapter 13 bankruptcy petition survived the chapter 13 plan. (US Code, tit 11, ch 13.)
The plaintiff’s complaint served on December 13, 1980, asserts that by virtue of defendant’s default in making the mortgage payment installment due on August 1,1979, the entire debt was due and owing. On March 6, 1981, the defendant (who had not served an answer) filed a bankruptcy petition which resulted in a chapter 13 plan requiring defendant to make payments on the arrears to the trustee for the period commencing on August 1, 1979, and current payments outside the plan. Although it appears that defendant made payments to the trustee, the plaintiff commenced proceedings in the Bankruptcy Court in March of 1983 to lift the automatic stay, asserting that defendant had failed to make postpetition payments for the months of July, 1982 through March 1983. Although copies of canceled checks submitted by defendant indicate that at least *432 some of the latter payments were made, the stay was lifted by order of the Bankruptcy Judge dated May 19, 1983. On May 24, 1983, plaintiff served a second summons on the defendant (which does not state the nature of the action or the amount due). On June 9, 1983, an order of reference was signed (based upon the 1980 complaint which alleges acceleration on the basis of the August 1,1979 default), the referee to compute made his report on July 29,1983, and a default judgment of foreclosure and sale was granted on August 18, 1983. In none of its papers, including the judgment and the accompanying affirmation of regularity, does plaintiff make any reference to the defendant’s bankruptcy proceeding. The sale of the premises to the plaintiff for $50 was conducted subsequently.
In New York the rule is that an affirmative exercise by a mortgagee of an option to accelerate upon defendant’s default has the effect of maturing the mortgage since the debt has been changed from one payable in the future and in installments to one payable immediately (Kilpatrick v Germania Life Ins. Co., 183 NY 163; Katz v Sardove Realty Corp., 212 NYS2d 447). Thus, tender sufficient to cure a default must have been made prior to acceleration (Dime Sav. Bank v Dooley, 84 AD2d 804). The debtor may redeem after judgment but before sale only by payment of the entire accelerated debt (see RPAPL 1341; National Bank v Cohen, 89 AD2d 725).
However, a mortgagee may waive a default by agreement and by acceptance of the installment due even after acceleration and commencement of foreclosure proceedings (Hack v Goldblatt, 104 Misc 249) and it appears that the instant plaintiff did just that when it accepted the payments made pursuant to the chapter 13 plan.
Although there is authority to the contrary (see Matter of LaPaglia, 8 BR 937; Grubbs v Houston First Amer. Sav. Assn., 718 F2d 694), the Second Circuit Court of Appeals has held that pursuant to a chapter 13 plan a debtor (even a New York debtor) may cure a default thus “deaccelerating” the mortgage and reinstating its original payment schedule (see Matter of Taddeo, 685 F2d 24; see, also, Matter of Tuchman, 29 BR 39). Although section 1322 (subd [b], par [2]) of title 11 of the United States Code *433 prohibits modification of a right secured only by a security interest in real property that is the debtor’s principal residence, the court held that the “cure and maintain power” authorized by section 1322 (subd [b], par [5]) of title 11 of the United States Code is not a modification. Section 1322 (subd [b], par [5]) provides that notwithstanding paragraph (2) a plan may “provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due”.
In the instant case, plaintiff obtained a vacatur of the automatic stay of its proceeding to foreclose the mortgage pursuant to section 362 (subd [d]) of title 11 of the United States Code upon the ground that not all postpetition payments had been made, thus obtaining the right to pursue foreclosure on that ground. However, since the chapter 13 plan provided for a deacceleration and payment of the arrears thus waiving the default of August 1,1979, it appears that plaintiff should have commenced a new action pleading an election to accelerate based upon the alleged new defaults (see Rosenblum v Harrington, 216 App Div 732; Rathbone v Forsyth, 171 App Div 26; Hack v Goldblatt, supra).
It thus appears that the judgment may be vacated pursuant to CPLR 5015 (subd [a], par 3) since the plaintiff’s failure to alert the court to the fact of the chapter 13 plan may be deemed a misrepresentation. Furthermore, even if the complaint were properly served upon the defendant in 1980 (which she denies), she would have been justified in concluding that her cure of the August 1,1979 default and the deacceleration accomplished by the chapter 13 plan terminated the original proceeding. Thus the fact that she failed to take any action after the Bankruptcy Judge lifted the automatic stay clearly indicating the existence of the foreclosure proceeding is irrelevant and her failure to respond to the bare summons served thereafter cannot be deemed an admission of anything alleged in the complaint. Finally, since the plaintiff itself purchased the property and no third-party rights are involved, it is proper to set the sale aside (cf. Guardian Loan Co. v Early, 47 NY2d 515).
*434 Plaintiff is directed to serve a supplemental complaint upon the defendant.